Michael N. Beede, Esq.
Nevada State Bar No. 13068
Cheryl A. Grames, Esq.
Nevada State Bar No. 12752
THE LAW OFFICE OF MIKE BEEDE, PLLC
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
Facsimile (702) 832-0248
eservice@legallv.com
*Attorneys for RJRN Holdings, LLC
and RH Kids LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RJRN HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RHONDA DAVIS; BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP; CARRINGTON MORTGAGE SERVICES; HACIENDA NORTH HOMEOWNERS' ASSOCIATION; and DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 2:15-cv-01257-JCM-NJK<br><br>**THIRD-PARTY COMPLAINT: QUIET TITLE** |
| RH KIDS LLC,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>RHONDA DAVIS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP; and DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Third-Party Defendants. | |

1

COMES NOW RH KIDS LLC, by and through its attorneys, Michael N. Beede, Esq., and Cheryl A. Grames, Esq. of the Law Office of Mike Beede, PLLC, and hereby complains and alleges against the above-named Third-Party Defendants as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This action relates to the ownership and title to certain residential real property located in Clark County, Nevada, commonly known as 5234 Fire Night Ave., Las Vegas NV 89122 and bearing Clark County Assessor's Parcel Number 161-28-316-025 (the "Property"). Accordingly, jurisdiction and venue are appropriate in the District of Nevada.

2. Third-Party Plaintiff, RH KIDS, LLC (hereafter, "RHK" or "Third-Party Plaintiff"), is a limited liability company doing business in Clark County, Nevada and is the record owner of the Property.

3. Upon information and belief, Third-Party Defendant, RHONDA DAVIS, is a resident of Clark County, Nevada and was the owner of the Property prior to the issuance of a Trustee's Deed Upon Sale to Rex Archambault on April 18, 2012.

4. Upon information and belief, Third-Party Defendant Mortgage Electronic Registration Systems, Inc. (hereafter, "MERS") is a foreign corporation doing business in Clark County, Nevada.

5. Upon information and belief, Third-Party Defendant BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP (hereafter, "BAC") is a foreign limited partnership doing business in Clark County, Nevada.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Does 1 through 10, inclusive, and Roe Business entities 1 through 10, inclusive, are unknown to the RHK at this time. RHK therefore sues said Does and Roes by said names, as RHK believes that said Does and/or Roes are in some way responsible for some or all of RHK's damages set forth herein. RHK will request leave of this Court to amend its Complaint when such names and identities become known to it.

7. Jurisdiction and venue are proper in this Court because this action concerns real property located in the District of Nevada, and the facts, acts, events and circumstances herein mentioned, alleged and described occurred in the District of Nevada.

**GENERAL ALLEGATIONS**

8. The Property is located at 5234 Fire Night Ave., Las Vegas NV 89122, bearing Clark County Assessor's Parcel Number 161-28-316-025, and the legal description of: HACIENDA NORTH-PHASE 4 PLAT BOOK 125, PAGE 31, LOT 45 Clark County.

9. RHK's predecessor in interest, Rex Archambault, obtained title to the Property by way of Trustee's Deed Upon Sale issued pursuant to NRS 116 and recorded on April 18, 2012. (Exhibit #1)

10. This title to the Property was transferred to Plaintiff RJRN Holdings, LLC by way of a Quit Claim Deed recorded with the Clark County Recorder on February 10, 2014 as instrument no. 201402100001086. (Exhibit #2)

11. This title to the Property was subsequently transferred to RHK by way of a Quit Claim Deed recorded with the Clark County Recorder on December 23, 2015 as instrument no. 20151223-0003934. (Exhibit #3)

12. Pursuant to NRS 116.31166, and *Deutsche Bank Nat'l Trust Co. v. Roland*, 2014 Nev. Unpub. LEXIS 507; 2014 WL 1319106, it is conclusively proved that each of the Defendants was noticed by Absolute Collection Services, LLC of the underlying foreclosure sale and that all relevant provisions of NRS 116 were complied with. A copy of the Notice of Foreclosure Sale was recorded on November 10, 2011.

13. RHK's title stems from a Trustee's Deed Upon Sale arising from a delinquency in assessments due from the former owner, RHONDA DAVIS, to Hacienda North HOA pursuant to NRS Chapter 116.

14. Rex Archambault took title to the Property free and clear of all junior liens and encumbrances affecting title to the Property, including any Deed of Trust, any assessments or other fees claimed by Hacienda North HOA accruing prior to the date

of the Deed, and any claim to title of the Property that may be asserted to by Third-Party Defendants.

15. Notwithstanding the recording of the Deed on April 18, 2012, RHK is informed and believes that BAC claims to continue to hold an interest in the Property superior to that of RHK's by virtue of its purported Deed of Trust.

16. Notwithstanding the recording of the Deed on April 18, 2012, RHK is informed and believes that MERS claims to continue to hold an interest in the Property superior to that of RHK's by virtue of its purported Deed of Trust.

17. RHK is informed and believes RHONDA DAVIS granted a deed of trust in favor of Pulte Mortgage LLC, naming MERS as beneficiary, which was recorded with the Clark County Recorder on January 6, 2009.

18. On August 11, 2010, an assignment of the aforementioned Deed of Trust was recorded which purported to transfer the beneficial interest thereof from Pulte Mortgage LLC to BAC.

19. The claims to title of the Property asserted by each Third-Party Defendant conflict with RHK's claim to title and constitute a cloud upon title.

20. The interest of each of the Third-Party Defendants, if any, has been extinguished by reason of the foreclosure sale, which was properly conducted with adequate notice given to all persons and entities claiming a recorded interest in the subject property, and resulting from a delinquency in assessments due from the former owner, to Hacienda North HOA, pursuant to NRS Chapter 116 and *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014).

21. Therefore, RHK brings the instant action to quiet all claims against all known persons and/or entities claiming legal or equitable interests in the Property.

///
///
///
///

## FIRST CLAIM FOR RELIEF ACTION

**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, et. Seq. and NRS 116, et. seq. Against All Third Party Defendants)**

22. RHK incorporates each and every of the preceding paragraphs as if fully set forth herein.

23. Pursuant to NRS 30.030 *et seq.* and NRS 40.010, this Court has the power and authority to declare RHK's rights and interests in the Property and to resolve the Third-Party Defendants' adverse claims to the Property.

24. RHK's predecessor in interest, Rex Archambault, acquired the Property by successfully bidding on the Property at a public sale held on April 17, 2012 in accordance with NRS Chapter 116, and became the rightful owner of the Property by virtue of the Trustee's Deed Upon Sale. (Exhibit #1)

25. Plaintiff RJRN Holdings, LLC obtained title to the Property through the execution of a Quit Claim Deed, recorded on February 10, 2014, as instrument no. 201402100001086, and became the rightful owner of the Property by virtue of the aforementioned Quit Claim Deed. (Exhibit #2)

26. Third-Party Plaintiff RHK obtained title to the Property through the execution of a Quit Claim Deed, recorded on December 23, 2015, as instrument no. 20151223-0003934. (Exhibit #3)

27. Upon information and belief, the Third-Party Defendants herein assert claims to the Property adverse to that of RHK.

28. RHK is entitled to a declaratory judgment from this court finding that: (1) RHK owns the Property in fee simple free and clear of any interest in the Property claimed by any and all Third-Party Defendants; (2) the Deed is valid and enforceable; (3) the conveyance of the Property to Rex Archambault through the Trustee's Deed Upon Sale extinguished Third-Party Defendants' security and/or ownership interests in the Property; (4) any attempt to transfer of title to the Property through a non-judicial foreclosure sale pursuant to any Deed of Trust would be invalid; and (5) RHK's rights

and interest in the Property are superior to any adverse interests claimed by Third-Party Defendants.

29. RHK seeks an Order from the Court quieting title to the Property in favor of RHK.

## SECOND CLAIM FOR RELIEF

**(Preliminary and Permanent Injunction Against all Third-Party Defendants)**

30. RHK incorporates each and every of the preceding paragraphs as if fully set forth herein.

31. RHK's predecessor in interest, Rex Archambault, acquired the Property by successfully bidding on the Property at a public sale held on April 17, 2012 in accordance with NRS Chapter 116, and became the rightful owner of the Property by virtue of the Trustee's Deed Upon Sale. (Exhibit #1)

32. Plaintiff RJRN Holdings, LLC obtained title to the Property through the execution of a Quit Claim Deed, recorded on February 10, 2014, as instrument no. 201402100001086, and became the rightful owner of the Property by virtue of the aforementioned Quit Claim Deed. (Exhibit #2)

33. Third-Party Plaintiff RHK obtained title to the Property through the execution of a Quit Claim Deed, recorded on December 23, 2015, as instrument no. 20151223-0003934. (Exhibit #3)

34. Notwithstanding the conveyance of the Property to RHK, Third-Party Defendants continue to claim adverse interests in the Property through the Deed of Trust.

35. RHK is informed and believes that one or more Third-Party Defendants may improperly attempt to complete a non-judicial foreclosure sale of the Property under the Deed of Trust pursuant to NRS Chapter 107.080 *et seq.* despite the fact that RHK holds a superior interest in the Property.

36. RHK is entitled to a preliminary injunction and permanent injunction prohibiting all Third-Party Defendants from initiating or attempting to complete any foreclosure proceeding under the Deed of Trust or otherwise attempting to transfer title to the Property thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff RHK prays for relief as follows:

1. For a determination and declaration that RHK is the rightful owner of title to the Property, free and clear of all claims of the Third-Party Defendants;
2. For an award of special damages, including reasonable attorneys' fees;
3. For court costs incurred;
4. For a preliminary and permanent injunction prohibiting all Third-Party Defendants from initiating or continuing foreclosure proceedings or otherwise attempting to transfer title to the Property;
5. For such other and further relief as the Court deems just and proper.

DATED this 28th day of April 2016.

THE LAW OFFICE OF MIKE BEEDE, PLLC

BY:  /s/Cheryl A. Grames
MICHAEL N. BEEDE, ESQ.
Nevada State Bar No. 13068
CHERYL A. GRAMES, ESQ.
Nevada State Bar No. 12752
2300 W Sahara Ave., Suite 420
Las Vegas, NV 89102
Telephone (702) 473-8406
*Attorneys for RJRN Holdings, LLC and RH Kids LLC*