1 **AACC**
2 WRIGHT, FINLAY & ZAK, LLP
Edgar C. Smith, Esq.
3 Nevada Bar No. 5506
Victoria L. Hightower, Esq.
4 Nevada Bar No. 10897
5 7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
6 (702) 475-7964; Fax: (702) 946-1345
esmith@wrightlegal.net
7 vhightower@wrightlegal.net
8 *Attorneys for Defendants, BAC Home Loans Servicing, LP fka Countrywide Home Loans*
*Servicing, LP and Carrington Mortgage Services*
9

10 **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
11

| | |
|---|---|
| 12 RJRN HOLDINGS, LLC, | Case No.:   2:15-cv-01257-JCM-NJK |
| 13          Plaintiff, | |
| 14     vs. | **DEFENDANT BAC HOME LOANS** |
| 15 RHONDA DAVIS; BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE | **SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP'S** |
| 16 HOME LOANS SERVICING, LP; CARRINGTON MORTGAGE SERVICES; | **ANSWER TO THIRD PARTY COMPLAINT AND COUNTERCLAIMS** |
| 17 HACIENDA NORTH HOMEOWNERS' ASSOCIATION; and DOES 1 through 10, | |
| 18 inclusive; ROE CORPORATIONS 1 through | |
| 19 10, inclusive, | |
| 20          Defendants, | |
| 21 RH KIDS, LLC, | |
| 22          Third-Party Plaintiff, | |
| 23     vs. | |
| 24 RHONDA DAVIS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, | |
| 25 INC.; BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS | |
| 26 SERVICING, LP; and DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through | |
| 27 10, inclusive, | |
| 28          Third-Party Defendants. | |

BAC HOME LOANS SERVICING, LP, FKA
COUNTRYWIDE HOME LOANS
SERVICING, LP,

           Counterclaimant,

     vs.

RH KIDS, LLC, a limited liability company of
unknown origin; RJRN HOLDINGS, LLC, a
Nevada limited liability company; REX
ARCHAMBAULT, an individual,

           Counter-Defendants.

COMES NOW, Defendant, BAC HOME LOANS SERVICING, LP, FKA

COUNTRYWIDE HOME LOANS SERVICING, LP (hereinafter, "BAC" or "Defendant"), by

and through its attorneys of record, Edgar C. Smith, Esq. and Victoria L. Hightower, Esq. of the

law firm of Wright, Finlay & Zak, LLP, and hereby submits its Answer to the Third-Party

Complaint filed by Third-Party Plaintiff, RH Kids, LLC as follows:

## PARTIES, JURISDICTION, AND VENUE

    **1.**      Defendant admits the allegations in Paragraph 1 of the Third-Party Complaint.

    **2.**      Defendant admits that Third-Party Plaintiff, RH KIDS, LLC, is the current

titleholder of the Property; however as to the remaining allegations in Paragraph 2 of the Third-

Party Complaint, Defendant does not possess enough information to admit or deny them; and

therefore, Defendant deny said allegations.

    **3.**      Defendant admits that Rhonda Davis was a former owner of the Property;

however, as to the remaining allegations in Paragraph 3 of the Third-Party Complaint, Defendant

does not possess enough information to admit or deny them; and therefore, Defendant denies

said allegations.

    **4.**      Defendant does not possess enough information to admit or deny the allegations

in Paragraph 4 of the Third-Party Complaint; therefore, Defendant denies said allegations.

    **5.**      Defendant admits the allegations in Paragraph 5 of the Third-Party Complaint.

    **6.**      Defendant does not possess enough information to admit or deny the allegations

in Paragraph 6 of the Third-Party Complaint; therefore, Defendant denies said allegations.

**7.**     Defendant admits the allegations in Paragraph 7 of the Third-Party Complaint.

## GENERAL ALLEGATIONS

**8.**     Defendant admits the allegations in Paragraph 8 of the Third-Party Complaint.

**9.**     Defendant admits that a Trustee's Deed Upon Sale recorded on April 18, 2012 identifies Rex Archambault as the grantee; however, as to the remaining allegations in Paragraph 9 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; therefore, Defendant denies said allegations.

**10.**     Defendant admits that a Quitclaim Deed recorded on February 10, 2014 with the Clark County Recorder as Book and Instrument Number 20140210-0001086 identifies RJRN Holdings, LLC as the grantee; however, as to the remaining allegations contained in Paragraph 10 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; therefore, Defendant denies said allegations.

**11.**     Defendant admits that a Quitclaim Deed recorded on December 23, 2015 with  the Clark County Recorder as Book and Instrument Number 20151223-0003934 identifies RH Kids, LLC as the grantee; however, as to the remaining allegations in Paragraph 11 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; therefore, Defendant denies said allegations.

**12.**     Paragraph 12 of the Third-Party Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies said allegations.

**13.**     Answering Paragraph 13 of the Third-Party Complaint, Defendant admits Rhonda Davis defaulted on her obligations to pay her assessments.  Defendant denies that RHK obtained title free of Defendant's Security Interest.

**14.**     Defendant denies the allegations in Paragraph 14 of the Third-Party Complaint.

**15.**     Defendant admits that it claims an interest in the Property superior to that of RH Kids, LLC by virtue of its Deed of Trust; however, as to the remaining allegations in Paragraph 15 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; and therefore, Defendant denies said allegations.

**16.**     Defendant does not possess enough information to admit or deny the allegations

in Paragraph 16 of the Third-Party Complaint; therefore, Defendant denies said allegations.

17.   Defendant admits the allegations in Paragraph 17 of the Third-Party Complaint.

18.   Defendant admits the allegations in Paragraph 18 of the Third-Party Complaint.

19.   Defendant admits that its claim to title of the Property conflicts with RH Kids, LLC's claim to title; however, as to the remaining allegation in Paragraph 19 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; therefore, Defendant denies said allegations.

20.   Defendant denies the allegations in Paragraph 20 of the Third-Party Complaint as they pertain to Defendant; however to the extent the allegations pertain to the remaining Third-Party Defendants, Defendant does not possess enough information to admit or deny them; therefore Defendant denies said allegations.

21.   Paragraph 21 of the Third-Party Complaint states a request for relief to which no response is required.  To the extent a response is required, Defendant denies said allegations.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief/Quiet Title Pursuant to NRS 30.010 et Seq. and NRS 116, et seq. Against All Third Party Defendants)

22.   Answering Paragraph 22 of the Third-Party Complaint, Defendant hereby repeats, realleges and incorporates each of its admissions, denials, or other responses to all the paragraphs referenced hereinabove as if set forth at length and in full.

23.   Defendant admits the allegations in Paragraph 23 of the Third-Party Complaint.

24.   Defendant admits that Rex Archambault is identified as the grantee on the Trustee's Deed Upon Sale arising from the property sale allegedly held on April 17, 2012; however, as to the remaining allegations in Paragraph 24 of the Third-Party Complaint, Defendant denies said allegations.

25.   Defendant admits that RJRN Holdings, LLC acquired an interest in the Property through a Quitclaim Deed recorded on February 10, 2014 as Book and Instrument Number 20140210-0001086; however, as to the remaining allegations contained in Paragraph 25 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them;

therefore, Defendant denies said allegations.

26.    Defendant admits that RH Kids, LLC obtained an interest in the Property through a Quitclaim Deed recorded on December 23, 2015 as Book and Instrument Number 20151223-0003934; however, as to the remaining allegations contained in Paragraph 26 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; therefore, Defendant denies said allegations.

27.    Defendant admits the allegations in Paragraph 27 of the Third-Party Complaint as they pertain to BAC; however, to the extent the allegations in Paragraph 27 pertain to other Third-Party Defendants, BAC does not possess enough information to admit or deny them; therefore BAC denies said allegations.

28.    Paragraph 28 of the Third-Party Complaint states a request for relief to which no response is required.  To the extent a response is required, Defendant denies said allegations.

29.    Paragraph 29 of the Third-Party Complaint states a request for relief to which no response is required.  To the extent a response is required, Defendant denies said allegations.

**SECOND CLAIM FOR RELIEF**

**(Preliminary and Permanent Injunctions Against all Third-Party Defendants)**

30.    Answering Paragraph 30 of the Third-Party Complaint, Defendant hereby repeats, realleges and incorporates each of its admissions, denials, or other responses to all the paragraphs referenced hereinabove as if set forth at length and in full.

31.    Defendant admits that Rex Archambault is identified as the grantee on the Trustee's Deed Upon Sale arising from the property sale allegedly held on April 17, 2012; however, as to the remaining allegations in Paragraph 31 of the Third-Party Complaint, Defendant does not possess enough information to admit or deny them; therefore, Defendant denies said allegations.

32.    Defendant admits that RJRN Holdings, LLC acquired an interest in the Property through a Quitclaim Deed recorded on February 10, 2014 as Book and Instrument Number 20140210-0001086; and this document speaks for itself.

33.    Defendant admits that RH Kids, LLC obtained an interest in the Property through

the Quitclaim Deed recorded December 23, 2015 as Book and Instrument Number 20151223-0003934; and this document speaks for itself.

34.     Defendant admits the allegations in Paragraph 34 of the Third-Party Complaint as they pertain to BAC; however, to the extent the allegations in Paragraph 34 pertain to other Third-Party Defendants, BAC does not possess enough information to admit or deny them; therefore BAC denies said allegations.

35.     Defendant does not possess enough information to admit or deny the allegations contained in Paragraph 35 of the Third-Party Complaint; therefore, Defendant denies said allegations.

36.     Paragraph 36 of the Third-Party Complaint states a request for relief to which no response is required.  To the extent a response is required, Defendant denies said allegations.

**DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES**:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

RH KIDS, LLC's Third-Party Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Priority)**

RH KIDS, LLC took title of the Property subject to Defendant's first priority Deed of Trust, thereby forestalling any enjoinment/extinguishment of Defendant's interest in the Property.

**THIRD AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

RH KIDS, LLC, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions, and transactions upon which it now bases its various claims for relief, and with such knowledge, RH KIDS, LLC undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

**FOURTH AFFIRMATIVE DEFENSE**

**(Commercial Reasonableness and Violation of Good Faith - NRS 116.1113)**

The HOA lien foreclosure sale by which RH KID, LLC acquired its interest was commercially unreasonable if it eliminated Defendant's Deed of Trust, as RH KID, LLC contends.  The sales price, when compared to the outstanding balance of Defendant's Note and Deed of Trust and the fair market value of the Property, demonstrates that the sale was not conducted in good faith as a matter of law. The circumstances of sale of the property violated the HOA's obligation of good faith under NRS 116.1113 and duty to act in a commercially reasonable manner.

### FIFTH AFFIRMATIVE DEFENSE

**(Equitable Doctrines)**

Defendant alleges that RH KIDS, LLC's claims are barred by the equitable doctrines of laches, unclean hands, and failure to do equity.

### SIXTH AFFIRMATIVE DEFENSE

**(Acceptance)**

Defendant asserts that any acceptance of any portion of the excess proceeds does not "satisfy" the amount due and owing on the Loan and would not constitute a waiver of its rights under the Loan and Deed of Trust, or statute.

### SEVENTH AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

Defendant alleges that by reason of RH KIDS, LLC's acts and omissions, RH KIDS, LLC has waived its rights and is estopped from asserting its claims against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

**(Void for Vagueness and Ambiguity)**

To the extent that RH KIDS, LLC's interpretation of NRS 116.3116 is accurate, the statute and Chapter 116 as a whole are void for vagueness and ambiguity.

### NINTH AFFIRMATIVE DEFENSE

**(Due Process Violations)**

A senior deed of trust beneficiary, such as Defendant, cannot be deprived of its property

1  interest in violation of the Procedural Due Process Clause of the 5th and 14th Amendments of the

2  United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

3  **TENTH AFFIRMATIVE DEFENSE**

4  **(Violation of Procedural Due Process)**

5  The HOA sale is void or otherwise does not operate to extinguish the first Deed of Trust

6  pursuant to the Due Process Clause of the Nevada Constitution and United States Constitution,

7  including for the reasons that the non-judicial foreclosure scheme of NRS 116.3116 et seq.

8  violates due process rights because its "opt-in" notice provisions do not mandate that reasonable

9  and affirmative steps be taken to give actual notice to lenders and other holders of recorded

10  security interests prior to a deprivation of their property rights and because the statutes do not

11  require the foreclosing party to take reasonable steps to ensure that actual notice is provided to

12  interested parties who are reasonably ascertainable unless the interested party first requests

13  notice.

14  **ELEVENTH AFFIRMATIVE DEFENSE**

15  **(Supremacy Clause)**

16  The HOA sale is void or otherwise does not operate to extinguish the first Deed of Trust

17  pursuant to the Supremacy Clause of the United States Constitution.

18  **TWELFTH AFFIRMATIVE DEFENSE**

19  **(Property Clause)**

20  The HOA sale is void or otherwise does not operate to extinguish the first Deed of Trust

21  pursuant to the Property Clause of the United States Constitution.

22  **THIRTEENTH AFFIRMATIVE DEFENSE**

23  **(Non-retroactivity)**

24  SFR Investments Pool 1 v. U.S. Bank, 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014),

25  should not be applied retroactively to permit non-judicial foreclosure sales under NRS 116.3116

26  et seq. noticed or conducted before the holding was announced to operate to extinguish the Deed

27  of Trust or render it subordinate to RH KID, LLC's interest, if any.

28  **FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Defendant alleges that RH KIDS, LLC's claims are barred in whole or in part because of RH KIDS, LLC's failure to take reasonable steps to mitigate the damages, if any, in this case.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant reserves the right to assert additional affirmative defenses in the event discovery or investigation indicate that additional affirmative defenses are applicable.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court make a judicial determination that Defendant's Deed of Trust survived the HOA Sale for Subject Property;

2. That the Court make a judicial determination that Defendant's Deed of Trust is superior to RH KIDS, LLC's claim of title to the Subject Property;

3. That the Court make a judicial determination that RH KIDS, LLC took title subject to Defendant's Deed of Trust on the Subject Property;

4. That Plaintiff recover nothing on account of the claims made in the Third-Party Complaint and each of its purported claims;

5. For reasonable attorney's fees and costs; and

6. For any such other and further relief as the Court may deem just and proper in the case.

### DEFENDANTS' COUNTERCLAIM

COMES NOW Third-Party Defendant/Counterclaimant, BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP (hereinafter, "BAC"), by and through its attorneys of record, Edgar C. Smith, Esq., and Victoria L. Hightower, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby submits its Counterclaim against RH KIDS, LLC; RJRN HOLDINGS, LLC; REX ARCHAMBAULT (collectively, "Counter-Defendants").

### INTRODUCTION

1. The real property which is the subject of this civil action consists of a residence

commonly known as 5234 Fire Night Avenue, Las Vegas, Nevada 89122, APN No. 161-28-316-025 (hereinafter "Property").

## JURISDICTION AND VENUE

2.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as BAC is a "citizen of a different State" from the Counter-Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.     The Court further has jurisdiction because pursuant to 28 U.S.C. §1331 the Counterclaim involves a federal question involving the unlawful divestiture of BAC's federally protected property interest by a sale conducted under NRS Chapter 116.

4.     Venue and jurisdiction are proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1)-(2) because Counter-Defendants reside in this district; a substantial part of the events or omissions giving rise to BAC's claims occurred in this district; and the property that is the subject of this action is situated in this district, in Las Vegas, Clark County, Nevada.

5.     The Court has personal jurisdiction over Third-Party Plaintiff/Counter-Defendant, RH KIDS, LLC (hereinafter "RH KIDS"), because this lawsuit arises out of and is connected with RH KIDS' purposeful purchase of an interest in real property situated in the County of Clark, State of Nevada, and upon information and belief, RH KIDS is a limited liability of unknown origin, conducting business in Clark County, Nevada at all times relevant.

6.     The Court has personal jurisdiction over Plaintiff/Counter-Defendant RJRN HOLDINGS, LLC (hereinafter "RJRN"), because this lawsuit arises out of and is connected with RJRN's purposeful purchase of an interest in real property situated in the County of Clark, State of Nevada, and upon information and belief, RJRN is a Nevada limited liability company.

7.     The Court has personal jurisdiction over Counter-Defendant, Rex Archambault ("Buyer"), because this lawsuit arises out of and is connected with Buyer's purposeful purchase of an interest in real property situated in the County of Clark, State of Nevada, and upon information and belief, Buyer is a resident of Chicago, Illinois.

## PARTIES

8.     Counterclaimant, BAC, is a national banking association with its main office in

North Carolina. *See* 28 U.S.C.A. §§ 1348; 12 U.S.C. § 1464(x)**;** *Rouse v. Wachovia Mortg., FSB,* 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association).  BAC is authorized to do business in the State of Nevada.

**9.**     Counterclaimant, BAC, is now and at all times relevant, for the purposes of seeking declaratory relief and quiet title, the assigned Beneficiary under a Promissory Note and Deed of Trust signed by Rhonda M. Davis, recorded on January 6, 2009 (hereinafter "Deed of Trust"), which is secured by the Property.

**10.**     Upon information and belief, RH KIDS is a limited liability company of unknown origin, conducting business in the State of Nevada at all times relevant, and claims to be the current titleholder of the Property.

**11.**     Upon information and belief, RJRN is a Nevada limited liability company, licensed to do business in the State of Nevada, which claims an interest in the Property by way of Quitclaim Deed recorded February 10, 2014 with the Clark County Recorder as Book and Instrument Number 20140210-0001086.

**12.**     Upon information and belief, Buyer is a resident of Chicago, Illinois, conducting business in the State of Nevada at all times relevant, and claims an interest in the Property by way of the Trustee's Deed Upon Sale recorded April 18, 2012 with the Clark County Recorder as Book and Instrument Number 20120418-0001665.

## FACTUAL BACKGROUND

*BAC's Interest in the Property.*

**13.**     On or about January 6, 2009, Rhonda M. Davis (hereinafter "Borrower") purchased the Property.[1]

**14.**     On December 30, 2008, a Deed of Trust (hereinafter "Deed of Trust") was executed by Borrower identifying Pulte Mortgage, LLC as the Lender, Mortgage Electronic

---

[1] A true and correct copy of the Grant, Bargain and Sale Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20090106-0000997 is attached hereto as **Exhibit 1**.  All other recordings stated hereafter are recorded in the same manner.

Registration Systems, Inc. ("MERS") as the Beneficiary, and LandAmerica as the Trustee, and secured a loan in the amount of $157,528.00 (hereinafter the "Borrower Loan").[2]

15.     The Borrower Loan is insured by the Federal Housing Administration ("FHA"), an agency of the United States of America.

16.     FHA's case number on the Deed of Trust is 332-4658881-703.

17.     On August 11, 2010, a Corporation Assignment of Deed of Trust was recorded, whereby MERS, as nominee for Pulte Mortgage, LLC, assigned the Deed of Trust to BAC.[3]

18.     BAC is the current beneficiary under the Deed of Trust.

***The HOA Foreclosure and Buyer's Alleged Acquisition of the Property.***

19.     Public records show that on April 12, 2011, a Notice of Delinquent Assessment Lien was recorded against the Property by Absolute Collection Services, LLC (hereinafter, the "HOA Trustee"), as agent for the Hacienda North Homeowners' Association (hereinafter, the "HOA").[4]

20.     Public records show that on July 18, 2011, a Notice of Default and Election to Sell under Homeowners Association Lien was recorded against the Property by the HOA Trustee, on behalf of the HOA.[5]

21.     Public records show that on November 10, 2011, a Notice of Trustee's Sale was recorded against the Property by the HOA Trustee.[6]

22.     Upon information and belief, HOA Trustee is the agent of the HOA, and the HOA is responsible for its acts and omissions under the doctrine of respondeat superior.

23.     Upon information and belief, according to the Trustee's Deed Upon Sale, Buyer

---

[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20090106-0000999 is attached hereto as **Exhibit 2.**

[3] A true and correct copy of the Corporation Assignment of Deed of Trust recorded as Book and Instrument Number 20100811-0002623 is attached hereto as **Exhibit 3**.

[4] A true and correct copy of the Notice of Delinquent Assessment Lien recorded as Book and Instrument Number 20110412-0001764 is attached hereto as **Exhibit 4.**

[5] A true and correct copy of the Notice of Default and Election to Sell recorded as Book and Instrument Number 20110718-0000857 is attached hereto as **Exhibit 5.**

[6] A true and correct copy of the Notice of Trustee's Sale recorded as Book and Instrument Number 20111110-0002405 is attached hereto as **Exhibit 6.**

acquired its interest, if any, in the Property on or about April 17, 2012 (hereinafter, the "HOA Sale") for $5,000.00.[7]

**24.**     At the time of the HOA Sale, the amount owed on the Borrower Loan exceeded $157,528.00.

**25.**     Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $63,000.00.

## **GENERAL ALLEGATIONS**

**26.**     *SFR Investments Pool 1 v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively to permit non-judicial foreclosure sales under NRS 116.3116 et seq. noticed or conducted prior to September 18, 2014, to operate to extinguish the Borrower Deed of Trust or render it subordinate to BAC's interest.

**27.**     A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

**28.**     A lender or holder, such as BAC, has a right to cure a delinquent homeowner's association lien in order to protect its security interest in the Property.

**29.**     Upon information and belief, the HOA and HOA Trustee, did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

**30.**     The above-stated Notice of Default did not "describe the deficiency in payment" in violation of NRS Chapter 116.

**31.**     The HOA Sale occurred without adequate notice to BAC, or its agents, servicers or trustees, what portion of the lien, if any, that the HOA claimed constituted a "super-priority" lien.

**32.**     The HOA Sale occurred without notice to BAC, or its predecessors, agents, servicers or trustees of a right to cure the delinquent assessment, or of the HOA's intention to sell a super-priority lien.

---

[7] A true and correct copy of the Trustee's Deed Upon Sale recorded as Book and Instrument Number 20120418-0001665 is attached hereto as **Exhibit 7.**

33.     The HOA Sale violated BAC's rights to due process because BAC was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

34.     The HOA Sale was an invalid sale and could not have extinguished BAC's secured interest because of defects in the notices given to BAC, or its agents, servicers or trustees, if any.

35.     Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

36.     The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

37.     Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

38.     Upon information and belief, the HOA foreclosure notices included improper fees and costs in the amount demanded.

39.     The HOA Sale is unlawful and void under NRS 116.3102 et seq.

40.     Alternatively, the HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

41.     NRS Chapter 116 is unconstitutional on its face and the HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116 et seq. constitutes a regulatory taking of private property without adequate compensation.

42.     NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for a homeowner's association or its agents to provide notice of a foreclosure to holder of a first deed of trust or mortgage.

43.     NRS Chapter 116 is unconstitutional on its face as it lacks any express

requirement for an HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage or to accept tender of the super-priority amount or any amount from the holder.

**44.**     NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

**45.**     The HOA Sale deprived BAC of its right to due process because the foreclosure notices failed to identify the super-priority amount, adequately describe the deficiency in payment, to provide BAC notice of the correct super-priority amount, or to provide a reasonable opportunity for BAC to protect its priority by payment to satisfy that amount.

**46.**     A homeowner's association sale must be done in a commercially reasonable manner.

**47.**     The HOA breached its duties under NRS Chapter 116 when its lien went to sale without the HOA or the HOA Trustee disclosing that payment of the super-priority lien portion had been made, making the HOA Sale commercially unreasonable.

**48.**     The sales prices at the HOA Sale is not commercially reasonable, and not done in good faith, when compared to the debt owed to BAC on the Borrower Loan and the fair market value of the Property.

**49.**     The HOA Sale by which Buyer took its interest was commercially unreasonable if it extinguished BAC's Deed of Trust.

**50.**     In the alternative, the HOA Sale was an invalid sale and could not have extinguished BAC's secured interest because it was not a commercially reasonable sale.

**51.**     By not providing BAC, or its agents, servicers or trustees, notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including the failure to set out the super-priority amount and the failure to adequately describe the deficiency in payment as required by Nevada law, the HOA and HOA trustee deprived BAC of its right to due process and made the HOA Sale commercially unreasonable.

**52.**     The CC&Rs for the HOA provide in Sections 9.2 that the HOA's lien is

1    subordinate to BAC's Deed of Trust.[8]

2         53.    Because proper notice that the HOA intended to foreclose on the super-priority

3    portion of the due owing was not given, and because the CC&Rs contained a Mortgagee

4    Protection Clause in Section 9.2, BAC was not on notice that it had to attend the HOA Sale to

5    protect its security interest.

6         54.    Because proper notice that the HOA intended to foreclose on the super-priority

7    portion of the due owing was not given, and because the CC&Rs contained a Mortgagee

8    Protection Clause in Section 9.2, prospective bidders did not appear for the HOA Sale and

9    allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market

10   value, making the HOA Sale commercially unreasonable.

11        55.    The circumstances of the HOA Sale of the Property breached the HOA's

12   obligation of good faith under NRS 116.1113 and its duty to act in a commercially reasonable

13   manner.

14        56.    Upon information and belief, Buyer is in the business of buying and selling real

15   estate and/or is otherwise a professional property purchaser, and either knew or should have

16   known of defects with the HOA Sale and the sales price.

17        57.    Upon information and belief, Buyer had actual, constructive and/or inquiry notice

18   of the First Deed of Trust, which prevents Buyer from being deemed a bona fide purchaser for

19   value.

20        58.    Upon information and belief, RJRN is in the business of buying and selling real

21   estate and/or is otherwise a professional property purchaser, and either knew or should have

22   know of defects with the HOA Sale and the sales price.

23        59.    Upon information and belief, RJRN had actual, constructive and/or inquiry notice

24   of the First Deed of Trust, which prevents RJRN from being deemed a bona fide purchaser for

25   value.

26        60.    Upon information and belief, RH KIDS is in the business of buying and selling

27

28   [8] A true and correct copy of the HOA CC&R's is attached hereto as **Exhibit 8.**

real estate and/or is otherwise a professional property purchaser, and either knew or should have known of defects with the HOA Sale and the sales price.

61.     Upon information and belief, RH KIDS had actual, constructive and/or inquiry notice of the First Deed of Trust, which prevents RH KIDS from being deemed a bona fide purchaser for value.

62.     Upon information and belief, Buyer, RJRN, and RH KIDS knew or should have known that they would not be able to obtain insurance title to the Property as a result of the HOA Sale.

63.     The circumstances of the HOA Sale of the Property and Buyer's, RJRN's, and RH KIDS' status as professional property purchasers, prevents them from being deemed bona fide purchasers for value.

64.     As a direct and proximate result of the foregoing, Buyer, RJRN and RH KIDS are not entitled to bona fide purchaser protection.

65.     In the event BAC's interest in the Property is not reaffirmed nor restored, BAC will have suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Borrower Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Counter-Defendant's acts and omissions.

### FIRST CAUSE OF ACTION

**(Quiet Title/Declaratory Relief Pursuant to NRS 30.010 et seq. and NRS 40.010 et seq. versus RH KIDS, RJRN, Buyer)**

66.     BAC incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

67.     Pursuant to 28 U.S.C. § 2201, NRS 30.010 *et seq.* and NRS 40.010, this Court has the power and authority to declare BAC's rights and interests in the Property and to resolve Counter-Defendants' adverse claims in the Property.

68.     Further, pursuant to 28 U.S.C. § 2201 and NRS 30.010 *et seq.*, this Court has the power and authority to declare the rights and interest of the parties following the acts and omissions of the HOA and HOA Trustee in foreclosing the Property.

**69.**     BAC's Deed of Trust is a first secured interest on the Property as intended by NRS 116.3116(2)(b).

**70.**     As the current beneficiary under the Deed of Trust and Borrower Loan, BAC's interest still encumbers the Property and retains its first position status in the chain of title for the Property after the HOA Sale and is superior to the interest, if any, acquired by Buyer, RJRN, RH KIDS, or held or claimed by any other successor in interest to any of them, for the reasons alleged herein.

**71.**     Upon information and belief, Buyer claims an interest in the Property through a Trustee's Deed Upon Sale that is adverse to BAC's interest.

**72.**     Upon information and belief, RJRN claims an interest in the Property through a Quitclaim Deed that is adverse to BAC's interest.

**73.**     Upon information and belief, RH KIDS claims an interest in the Property through a Quitclaim Deed that is adverse to BAC's interest.

**74.**     Based on the adverse claims being asserted by Buyer, RJRN and RH KIDS, BAC is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

**75.**     A justiciable controversy exists between BAC and Counter-Defendants; and BAC has a legally protectable interest in the controversy.  The issue is ripe for judicial determination.

**76.**     Upon information and belief, the Borrower Loan is a loan insured by the Federal Housing Administration ("FHA").

**77.**     Title or a mortgage interest in real property held by a federal agency is federal property that is protected by the U.S. Constitution.

**78.**     The Property Clause of the U.S. Constitution applies and prevents BAC's interest through its Deed of Trust from being divested by the HOA Sale.

**79.**     Applying NRS Chapter 116 or other state law in a manner that extinguishes BAC's Deed of Trust would violate the Property and Supremacy Clauses of the United States Constitution.

**80.**     Since the Borrower Loan is a FHA loan, it is a federally protected property

interest that cannot be divested by the actions of the Nevada legislature through NRS Chapter 116.

81.     Based on the adverse claims being asserted by the parties, BAC is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

82.     For all the reasons set forth above and in the Factual Background and General Allegations, BAC is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010, that BAC is the beneficiary of a first position Deed of Trust which still encumbers the Property and is superior to the interest held by Buyer, RJRN, RH KIDS, and all other parties, if any.

83.     In the alternative, if it is found under state law that BAC's interest could have been extinguished by the HOA sale, for all the reasons set forth above and in the Factual Background and General Allegations, BAC is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010, and NRS 40.010, that the HOA Sale is unlawful and void and conveyed no legitimate interest to Buyer, RJRN, or RH KIDS.

84.     BAC has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

## SECOND CAUSE OF ACTION

### (Preliminary Injunctions versus RH KIDS)

85.     BAC incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

86.     As set forth above, RH KIDS may claim an ownership interest in the Property that is adverse to BAC.

87.     Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if BAC's Deed of Trust still encumbered the Property in first position and was not extinguished by the HOA Sale.

88.     BAC has a reasonable probability of success on the merits of the Counterclaim, for which compensatory damages will not compensate BAC for the irreparable harm of the loss

of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

89.     BAC has no adequate remedy at law due to the uniqueness of the Property involved in the case.

90.     BAC is entitled to a preliminary injunction prohibiting RH KIDS, its successors, assigns, and agents from conducting a sale, transfer or encumbrance of the Property if they claim to have an interest that is superior to BAC's Deed of Trust or not subject to that Deed of Trust.

91.     BAC is entitled to a preliminary injunction requiring RH KIDS to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

92.     BAC is entitled to a preliminary injunction requiring RH KIDS to segregate and deposit all rents with the Court or a Court-approved trust account over which RH KIDS has no control during the pendency of this action.

93.     BAC has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### THIRD CAUSE OF ACTION

**(Unjust Enrichment versus Buyer, RJRN and RH KIDS)**

94.     BAC incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

95.     BAC has been deprived of the benefit of its secured deed of trust by the actions of Buyer, RJRN and RH KIDS.

96.     Buyer, RJRN and RH KIDS have benefitted from the unlawful HOA Sale and nature of the real property.

97.     Buyer, RJRN and RH KIDS have benefitted from BAC's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

98.     Should BAC's Counterclaim be successful in quieting title and setting aside the HOA Sale, Buyer, RJRN and RH KIDS will have been unjustly enriched by the HOA Sale and usage of the Property.

99.     BAC will have suffered damages if Buyer, RJRN and RH KIDS are allowed to

1  retain their interests in the Property and the funds received from the HOA Sale.

2      **100.**     BAC will have suffered damages if Buyer, RJRN and RH KIDS are allowed to

3  retain their interests in the Property and BAC's payment of taxes, insurance or homeowner's

4  association assessments since the time of the HOA Sale.

5      **101.**     BAC is entitled to general and special damages.

6      **102.**     BAC has furthermore been required to retain counsel and is entitled to recover

7  reasonable attorney's fees for having brought the underlying action.

8  

**<u>PRAYER</u>**

9      Wherefore, BAC prays for judgment against Counter-Defendants, jointly and severally,

10  as follows:

11      1.     For a declaration and determination that BAC's interest is secured against the

12  Property, and that BAC's first Deed of Trust was not extinguished by the HOA Sale;

13      2.     For a declaration and determination that BAC's interest is superior to the interest

14  of RJRN, RH KIDS, and any and all successors;

15      3.     For a declaration and determination that the HOA Sale was invalid to the extent it

16  purports to convey the Property free and clear to RJRN or RH KIDS' interest;

17      4.     In the alternative, for a declaration and determination that the Trustee's Deed

18  Upon Sale was invalid and conveyed no legitimate interest to Buyer;

19      5.     For a preliminary injunction that RH KIDS, its successors, assigns, and agents are

20  prohibited from conducting a sale or transfer of the Property;

21      6.     For a preliminary injunction that RH KIDS, its successors, assigns, and agents

22  pay all taxes, insurance and homeowner's association dues during the pendency of this action;

23      7.     For a preliminary injunction that RH KIDS, its successors, assigns, and agents be

24  required to segregate and deposit all rents with the Court or a Court-approved trust account over

25  which RH KIDS has no control during the pendency of this action;

26      8.     If it is determined that BAC's Deed of Trust has been extinguished by the HOA

27  Sale, for special damages in the amount of the fair market value of the Property or the unpaid

28  balance of the Borrower Loan and Deed of Trust, at the time of the HOA Sale, which ever is

1   greater;

2       9.    For general and special damages;

3       10.    In the alternative, for restitution;

4       11.    For attorney's fees;

5       12.    For costs of incurred herein, including post-judgment costs; and

6       13.    For any and all further relief deemed appropriate by this Court.

7       DATED this <u>19th</u> day of May, 2016.

8           WRIGHT, FINLAY & ZAK, LLP

9           <u>/s/Victoria L. Hightower, Esq.</u>

10          Edgar C. Smith, Esq.
    Nevada Bar No. 5506

11          Victoria L. Hightower, Esq.
    Nevada Bar No. 10897

12          7785 W. Sahara Ave., Suite 200

13          Las Vegas, Nevada 89117
    (702) 475-7964; Fax: (702) 946-1345

14          esmith@wrightlegal.net

15          vhightower@wrightlegal.net
    *Attorneys for Defendants, BAC Home Loans*

16          *Servicing, LP fka Countrywide Home Loans*
    *Servicing, LP and Carrington Mortgage Services*

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of WRIGHT, FINLAY & ZAK, LLP, and that on this 19th day of May, 2016, I did cause a true copy of **DEFENDANT BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP'S ANSWER TO THIRD PARTY COMPLAINT AND COUNTERCLAIMS** to be e-filed and e-served through the Eighth Judicial District EFP system pursuant to NEFR 9.

Cheryl A. Grames
Law Office of Mike Beede
2300 W. Sahara Ave., Ste. 420
Las Vegas, NV 89102
Email: cheryl@legallv.com
*Attorney for Plaintiff, RJRN Holdings LLC & RH Kids, LLC*

_____/s/Sara Aslinger_____
An Employee of WRIGHT, FINLAY & ZAK, LLP