UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RJRN HOLDINGS, LLC,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>RHONDA DAVIS, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:15-CV-1257 JCM (NJK)<br><br>ORDER |

Presently before the court is a renewed motion to dismiss filed by defendants BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP ("BAC") and Carrington Mortgage Services ("CMS" and collectively, with BAC, as "defendants"). (ECF No. 47). Plaintiff RJRN Holdings LLC ("RJRN") filed a response (ECF No. 56),[1] to which defendants replied (ECF No. 62).

**I.  Facts**

This case involves a dispute over real property located at 5234 Fire Night Avenue, Las Vegas, Nevada 89122 (the "property").

Rhonda Davis obtained a loan to purchase the property, which was secured by a deed of trust in favor of Pulte Mortgage LLC and recorded on January 6, 2009.  (ECF No. 4 at 6).

Pulte Mortgage LLC transferred the beneficial interest in the deed of trust to BAC via a corporate assignment deed recorded on August 11, 2010.  (ECF No. 4 at 6).

---

[1] Third-party plaintiff RH Kids, LLC also filed a response.  (ECF No. 57).

**James C. Mahan**
**U.S. District Judge**

1  Hacienda North Homeowners' Association (the "HOA") claimed a lien on the property for
2  assessments accruing pursuant to the covenants, conditions, and restrictions ("CC&Rs").  (ECF
3  No. 4).  The HOA conducted a foreclosure sale pursuant to NRS Chapter 116.  (ECF No. 4 at 6).
4  Rex Archambault ("Archambault") purchased the property at the foreclosure sale and
5  recorded the trustee's deed upon sale on April 18, 1012.  (ECF No. 4 at 6).  RJRN obtained title to
6  the property via quitclaim deed recorded on February 10, 2014.  (ECF No. 4 at 6).
7  CMS recorded a request for notification of default on December 14, 2014.  (ECF No. 4 at
8  7).
9  RJRN filed the original complaint in state court on June 6, 2015, alleging three causes of
10 action: (1) declaratory relief/quiet title; (2) preliminary and permanent injunction; and (3) slander
11 to title.  (ECF No. 4).  Defendants removed the action to federal court on July 2, 2015.  (ECF No.
12 1).
13 In the instant motion, defendants move to dismiss the complaint pursuant to Federal Rule
14 of Civil Procedure 12(b)(6).  (ECF No. 47).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

- 2 -

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In the instant motion, defendants argue that dismissal is proper for seven reasons: (1) Supremacy Clause; (2) commercial unreasonableness; (3) violation of NRS 116.311635; (4) lack of evidence; (5) preservation of the deed of trust by the CC&Rs; (6) due process; and (7) retroactivity. (ECF No. 47).

#### A. Quiet Title/Declaratory Relief (claim 1)

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v.*

James C. Mahan
U.S. District Judge

- 3 -

*Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

In its complaint, RJRN alleges that it obtained titled to the property via quitclaim deed recorded on February 10, 2014, that its predecessor-in-interest Archambault purchased the property at a foreclosure sale, and that the HOA conducted the foreclosure sale to enforce its lien pursuant to NRS Chapter 116. (ECF No. 4 at 6). The complaint further asserts that RJRN took free and clear of all junior liens and encumbrances, including the deed of trust defendants claim still encumbers the property. (ECF No. 4 at 6).

In their motion, defendants fail to apply the proper legal standard under which they seek relief. First, the Supremacy Clause is not applicable here because the complaint does not seek to quiet title against the FHA. Thus, this argument provides no support for defendants as the outcome of the instant matter has no bearing on the FHA's ability to quiet title. The remainder of defendants' arguments are similarly inapplicable at this 12(b)(6) stage of the proceedings as they require the court to consider evidence and facts outside of the face of the complaint, which the court declines to do on a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678.

In light of the foregoing, RJRN has stated a quiet title claim sufficient to withstand a 12(b)(6) motion to dismiss, and the court will deny defendants' motion to dismiss as to this claim.

**B. Preliminary/Permanent Injunction** (claim 2)

As to RJRN's second cause of action for injunctive relief, the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."). Injunctive relief may be

**James C. Mahan**
**U.S. District Judge**

- 4 -

available if RJRN is entitled to such a remedy on an independent cause of action. RJRN's claim for injunctive relief will therefore dismissed, and the court will grant defendants' motion to dismiss as to this claim.

### C. Slander of Title (claim 3)

"Slander of title involves false and malicious communications that disparage a person's title in land and cause special damages." *McKnight Family, LLC*, 310 P.3d at 559 (citing *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev.1987)).

RJRN alleges that defendants made false assertions affecting the title to the property and conflicting with RJRN's claim to title. (ECF No. 4 at 9). RJRN further alleges that defendants made these claims despite knowing their interests were extinguished, forcing RJRN to file the underlying complaint. (ECF No. 4 at 9).

The complaint, however, fails to set for any facts to support RJRN's conclusory assertion that defendants made false assertions. Further, RJRN fails to plead the "malicious" part of the claim all together. Thus, the court will grant defendants' motion to dismiss as to this claim, and RJRN's slander of title claim will be dismissed without prejudice.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 47) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED February 15, 2017.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**